CHARLES A. BALDWIN, PLAINTIFF IN ERROR, v. OSCAR L. FOSS, DEFENDANT IN ERROR.

Attorney and Client: JURISDICTION. The jurisdiction of the district court to compel an attorney to pay money into court, which has been collected by the attorney for the client, cannot be questioned, but when the client has received all the money to which he is entitled, the power of the district court ceases, and it cannot in a summary way compel the attorney to pay money into court for other parties claiming a share in the fees retained by the attorney. That question must be settled by an action between themselves.

ERROR to the district court for Douglas county. Tried below before SAVAGE, J.

*Charles H. Brown,* for plaintiff in error.

*George W. Ambrose* and *George W. Shields,* for defendant in error.

REESE, J.

The defendant in error commenced an action in the district court of Douglas county against one Thomas Murray for damages resulting from false imprisonment. His at-

torneys of record were the plaintiff in error and Crawford & Shields. A criminal prosecution was also instituted against Murray, in which the attorneys for defendant in error appeared with the district attorney for the state. Upon trial Murray was acquitted. After the acquittal of Murray the civil action was compromised. The terms of this compromise appear to have been left discretionary with plaintiff in error, except that the defendant in error was to receive fifty dollars, and be saved from costs of suit. Plaintiff in error settled the case with Murray, but for reasons shown and deemed sufficient by him did not report the same to defendant in error, and dismissed the case. Afterwards, at the next term of court, defendant in error filed an affidavit and motion to set aside the order of dismissal, which motion was subsequently overruled. Defendant in error then, by Shields as his attorney, filed a motion and affidavits for an order on plaintiff in error to pay into court for the use of defendant in error the money collected of Murray. Affidavits were filed by both sides, and it was shown by plaintiff in error that he had paid into court the costs and fifty dollars to which the defendant in error was entitled.

An order of reference was then made, referring the case to W. L. Peabody, Esq., to take the proofs and report his finding of facts, and particularly the amount received by plaintiff in error and under what circumstaaces the same was received. The referee took the testimony, and reported his conclusions to the court, by which he found that the plaintiff in error and Shields were jointly of counsel for defendant in error, and each entitled to share in the fee received in the case, and that one hundred dollars would be a reasonable retainer in the case. That in the settlement of the case Murray paid plaintiff in error one hundred and sixty-one dollars, which was paid upon the express condition and agreement that plaintiff in error should not make any claim on Murray for any services rendered him

8

in any cases, and especially in cases against the city of Omaha. That the value of the services of plaintiff in error for Murray in the suit against the city of Omaha for damages were one hundred dollars, and that that amount was agreed upon by them. That the plaintiff in error prepared an injunction case against the city treasurer which was worth twenty-five dollars. That the services of plaintiff in error and Shields in prosecuting Murray criminally were worth the sum of seventy-five dollars, but that they were not chargeable to Murray.

Upon the filing of the report of the referee an order was made requiring the plaintiff in error to pay into court thirty dollars and fifty cents for the use of defendant in error, and that if the same were not paid by a day fixed by the court execution issue therefor.

It might properly be said that the testimony shows that defendant in error is not claiming anything further from plaintiff in error, nor in fact from any one else. That Crawford, who was Shields' partner at the time of the commencement of this action in its original form, claims that by the terms of the settlement between himself and Shields, the money in the hands of plaintiff in error, if any, is coming to him. That Shields claims it is coming to him. All the interest defendant in error claims in the matter is that the plaintiff in error should pay Shields or Crawford the attorneys' fees which he might have to pay did not plaintiff in error pay it.

It is urged by the plaintiff in error that the court had no jurisdiction or authority to try the matter in the summary way in which it was tried, and if it had it erred in disposing of the matter between persons who were not parties to the record.

The jurisdiction of the district court to compel an attorney to pay money into court which has been collected by the attorney for the client cannot be questioned. But that question does not arise in this case.

Welton v. Merrick County.

The defendant in error not being entitled to anything further, and the referee having found that plaintiff in error and Shields were jointly of counsel, and each entitled to share what was received, we think that when the plaintiff in error paid into court, for defendant in error, the fifty dollars and the costs of suit the power of the district court to order any further payments was at an end, and the matters in dispute between the plaintiff in error and Shields and Crawford could only be legally settled by an action between themselves.

The judgment of the district court is reversed and the proceedings dismissed.

REVERSED AND DISMISSED.

THE other judges concur.